CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
MAY 12 2010
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KAREN L. WILLIAMS, | ) |
| | ) Civil Action No. 5:09CV00095 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Karen L. Williams, was born on January 31, 1972 and eventually completed the ninth grade in school. Ms. Williams has been employed as a cashier, day care worker, and motel housekeeper. While plaintiff was still working as a motel housekeeper on a part-time basis at the time of the administrative hearing on February 24, 2009 (TR 30-31, 386), she alleges that she last worked on a regular and sustained basis in 2004. The Administrative Law Judge specifically determined that Ms. Williams has not engaged in substantial gainful activity since 2004. (TR 13). On March 8, 2007, plaintiff filed applications for disability insurance benefits and supplemental security income benefits.

Ms. Williams alleged that she became disabled for all forms of substantial gainful employment on January 1, 2004 due to depression. She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Williams met the insured status requirements of the Act through the first quarter of 2008, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before March 31, 2008. See gen., 42 U.S.C. § 423(a).

Ms. Williams' claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 27, 2009, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Williams suffers from severe impairments on the bases of a schizoaffective disorder and history of a back strain. Despite these impairments, the Law Judge ruled that plaintiff retains the residual functional capacity to perform a full range of unskilled, nonstressful, light work not involving close coordination with others or frequent public contact. (TR 15). The Law Judge determined that plaintiff retains sufficient functional capacity to perform her past relevant work as a housekeeper. The Law Judge went on to assess plaintiff's capacity to perform alternate work roles. Given her residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Ms. Williams retains sufficient functional capacity to perform several other light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Ms. Williams is not disabled, and that she is not entitled to benefits under either federal program. See gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final

decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Williams has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record indicates that Ms. Williams has a history of back strain as well as complaints of carpal tunnel syndrome in both arms. However, the court finds substantial evidence to support the Law Judge's determination that plaintiff's physical problems are not so severe as to prevent performance of light levels of exertion. Without question, Ms. Williams' more serious impairments consist of a schizoaffective disorder with depression and borderline personality traits. The Administrative Law Judge found that plaintiff's psychiatric impairments are not so severe as to prevent performance of unskilled, nonstressful work not involving close coordination with others or frequent public contact. In so doing, the Law Judge explicitly relied on an assessment from a nonexamining state agency psychologist. The difficulty in this case is that several months after the state agency psychologist made his assessment, reports from two different treating psychiatrists indicated that Ms. Williams' mental health problems are much

more severe in functional impact. In summarizing the evidence, the Administrative Law Judge did not cite either psychiatric report. In such circumstances, the court must conclude that there is "good cause" for remand of this case to the Commissioner for additional consideration of plaintiff's claims for benefits.

Dr. John Kalil, a state disability agency psychologist, completed a mental residual functional capacity assessment and psychiatric review technique on October 11, 2007. Dr. Kalil summarized all of the mental health records developed in treatment of Ms. Williams through the date of his assessment. The state agency psychologist concluded as follows:

> She would have the capacity to perform unskilled, nonstressful work not involving work in close coordination with others or frequent public contact. The claimant is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from her impairment.

(TR 333). The Administrative Law Judge clearly relied on Dr. Kalil's report in assessing plaintiff's residual functional capacity. Indeed, in making his critical finding, the Law Judge quoted from Dr. Kalil's report:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work with the following mental abilities and limitations: "[The claimant] would have the capacity to perform unskilled, nonstressful work not involving work in close coordination with others or frequent public contact. The claimant is able to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from her impairment."

(TR 15).

Ms. Williams began a period of treatment at the Valley Community Services Board on June 12, 2007. On two separate occasions, November 9, 2007, and December 7, 2007, the psychiatrist diagnosed schizoaffective disorder, depressed type, with psychotic features. More importantly, the

4

psychiatrist reported a Global Assessment of Functioning of 48.[1] The psychiatrist eventually referred Ms. Williams for further psychiatric treatment at the University of Virginia.

Plaintiff was treated by psychiatrists at the University of Virginia Medical Center beginning on April 10, 2008. On that occasion, the psychiatrist diagnosed major depressive disorder, recurrent and moderate, without psychosis. Plaintiff's GAF was said to be 40.[2] On June 11, 2008, Ms. Williams was said to have a GAF of 50.[3] On that occasion, the psychologist observed that Ms. Williams was suffering from poor concentration and memory.

In short, just a few weeks after Dr. Kalil completed his assessment, Ms. Williams was seen by psychiatrists in two different treatment systems who found that she experienced serious symptoms in terms of her mental health function. Dr. Kalil did not have the opportunity to consider the findings and opinions of these treating psychiatrists at the time of his assessment of plaintiff's work-related emotional function. Nevertheless, the Administrative Law Judge relied on the report from the nonexamining psychologist in making his clinical findings regarding plaintiff's residual functional capacity.[4] Inasmuch as Dr. Kalil did not have the opportunity to consider all the medical evidence

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 48 (4th ed. text rev.2000).

[2] A GAF score of between 31 and 40 is indicative of some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 48 (4th ed. text rev.2000).

[3] As previously mentioned, a GAF score of between 41 and 50 is indicative of serious symptoms or any serious impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 48 (4th ed. text rev.2000).

[4] The governing administrative regulations provide that reports and opinions from treating physicians must be accorded greater weight than reports and opinions from medical sources who have not examined the claimant. See 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1).

of record in formulating his assessment, the Administrative Law Judge's reliance on Dr. Kalil's report cannot be said to be supported by substantial evidence.

On appeal to this court, the Commissioner argues that the treating psychiatrists' opinions as to plaintiff's Global Assessment of Functioning are not consistent with their clinical findings. While this argument may or may not have merit, the simple fact is that neither Dr. Kalil nor the Administrative Law Judge took into account the global assessments set forth in the psychiatric reports from the Valley Community Services Board or the University of Virginia Medical Center. As noted above, Dr. Kalil completed his assessment before these reports became available. The Administrative Law Judge made no mention of the Global Assessments of Functioning in his summary of the evidence. Thus, there is no reason to believe that the Law Judge considered the diagnostic impressions and opinions of the treating psychiatrists in concluding that plaintiff retains the residual functional capacity for sustained, light work activity. It is well settled that in resolving conflicts in the evidence, the Commissioner must specifically indicate the weight given to all of the relevant evidence, as well as the reasons thought to be in support of the ultimate conclusion regarding relative merit. Murphy v. Bowen, 810 F.2d 433 (4th Cir. 1987); Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984); DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983). Put differently, while it might be possible to state reasons as to why the Administrative Law Judge could have rejected the opinions of the treating psychiatrists, the court must conclude that no such reasons were cited in the opinion of the Law Judge. The case must be remanded for more specific fact finding.

In summary, the court is unable to determine that the Commissioner has thoroughly considered all the medical evidence submitted in connection with plaintiff's claims for benefits. The court finds "good cause" for remand of the case to the Commissioner for further development and

consideration. If the Commissioner is unable to resolve the issues in this matter in plaintiff's favor based on the existing record, the Commissioner shall conduct a new administrative hearing. Upon remand, both sides will be allowed to submit additional evidence and argument.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 12th day of May, 2010.

_____
United States District Judge